E-filing



1  Nick Miletak-In Pro Se
   14745 Conway Avenue
2  San Jose, California 95124
   408-369-9696

ADR

3

4

5

6  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
7  SAN JOSE

CV 15·00070 HRL

8

9  NICK MILETAK                    )  **COMPLAINT FOR DAMAGES**
                                   )
10     PLAINTIFF,                  )  1. VIOLATION OF 15 U.S.C §1681m
                                   )  2. INTENTIONAL INFLICTION OF
11                                 )     EMOTIONAL DISTRESS
   AVIS BUDGET GROUP, INC.         )
12                                 )
       DEFENDANTS,                 )  **DEMAND FOR JURY TRIAL**
13 _____)

14

15     This immediate complaint is governed by the Fair Credit Reporting Act (FCRA)

16 15 U.S.C §1681m.  Plaintiff asserts that Defendant is not in compliance with the FCRA

17 and has no intention of complying with the requirements.

18

19

20                              **PARTIES**

21  1.  Plaintiff is a citizen of the State of California, residing in Santa Clara County.

22  2.  Defendant Avis Budget Group, Inc. is a for profit corporation duly organized and

23      existing under the laws of the State of Delaware, with its principal place of

24      business in at 6 Sylvan Way, Parsippany-Troy Hills, New Jersey 07054.

25

26

27                         **Complaint for Damages**
28                                    1

1

**JURISDICTION**

2   1. This court has subject matter jurisdiction of this action under 15 U.S.C. §1681m.

3   Under 15 U.S.C. §1681m, United States District Courts have original jurisdiction

4   of actions arising out of a FCRA regardless of citizenship and amount in

5   controversy.

6   2. This court has concurrent jurisdiction over California state law claims relating to

7   intentional infliction of emotional distress cause of action.

8

9   **FACTUAL ALLEGATIONS**

10

11   3. September 29, 2014 or thereabouts, the Plaintiff, made a car rental reservation

12   through online reservations for Avis at http://www.avis.com/car-

13   rental/reservation/time-place.ac. The reservation number for the rental is

14   KMM10313172V78838L0KM and was made for pickup at Los Angeles

15   International airport to occur on September 30, 2014 after 9:30pm.

16   4. On September 30, 2014 at around 11:30pm the Plaintiff arrived at the Avis rental

17   car rental building at Los Angeles International airport located at 9217 Airport

18   Boulevard, Los Angeles, California 90045 and was helped by two individuals on

19   of whom was Michael Nzegwu-Operations Manager for Avis.

20   5. In the initial interaction at the Avis rental counter the Defendant requested for the

21   Plaintiffs driver's license and social security number.

22   6. The Plaintiff provided the Defendant with his driver's license number C5350199

23   and provided his Social Security Number as 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.

24   7. After the Plaintiff provided the Defendant with the requested information the

25   Defendant informed the Plaintiff that his car rental request was denied because of

26   his credit report. No adverse action notification was provided as is required under

27   the FCRA section 615(a):

28

**Complaint for Damages**

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Section 615(a) of the FCRA imposes an independent requirement that a consumer be provided specified information in circumstances where adverse action with respect to that consumer is taken "based in whole or in part on any information contained in a consumer report."*

8.  At the time of rental denial the Plaintiff informed the Defendant that they were not in compliance with the Fair Credit and Reporting Act (FCRA) and the obtaining the Plaintiff's credit report without requesting his permission was a violation of the FCRA. Plaintiff agrees that there may be an exemption under the permissible purposes for use of a credit report allowing the Defendant to obtain his credit report without his permission. There is however no exemption for the requirement for the Defendant to provide an adverse action notification when the denial occurred.

9.  Immediately after denial of the car rental attempt at Avis and not knowing that Avis and Budget were affiliated the Plaintiff arrived at Budget Car rental building located at 9775 Airport Boulevard, Los Angeles, California 90045.

10. In the initial interaction with the rental agent the Defendant again requested for the Plaintiff's driver's license number and social security number.

11. The Plaintiff again provided the Defendant with his driver's license number C5350199 and provided his Social Security Number as 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.

12. The Defendant advised the Plaintiff that his car rental attempt at Budget Car rental was denied. When the Plaintiff was informed of the denial he again informed the Defendant that they were in violation of the FCRA and spoke with Gail Lee-Station Manager for Budget and was provided with the contact information for Tim Berfgeld-Airport Manager. In this rental attempt the Defendant also failed to provide the required adverse action notification.

13. Subsequent to the violations of the FCRA that occurred with respect to the required adverse action notification the Plaintiff communicated his demands to the Avis Budget Group, Inc's corporate headquarters.   The Plaintiff was eventually routed to Ted Kushner-Paralegal for the defendant.

14. In a letter drafted by Mr. Kushner on December 4, 2014 and labeled **Exhibit "A 1of2"** in the final paragraph the Defendant attempts to satisfy the adverse action notification requirements with a substantially deficient notification.   There are strict criteria for what needs to be contained in an adverse action notification and even if the letter dated December 4, 2014 was viewed as the adverse action notification it does not comply with the FCRA standards as set forth in § 615. Requirements on users of consumer reports and below:

> (a) *Duties of users taking adverse actions on the basis of information contained in consumer reports.* If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall. (1) provide oral, written, or electronic notice of the adverse action to the consumer;(2) provide to the consumer written or electronic disclosure. (A) of a numerical credit score as defined in section 609(f)(2). (A) used by such person in taking any adverse action based in whole or in part on any information in a consumer report; and (B) of the information set forth in subparagraphs (B) through (E) of section 609(f)(1); (3) provide to the consumer orally, in writing, or electronically (A) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and (B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and (4)

**Complaint for Damages**
4

1
2
3
4
5
6
7

provide to the consumer an oral, written, or electronic notice of the consumer's right (A) to obtain, under section 612 [§ 1681j], a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (3), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and (B) to dispute, under section 611 [§ 1681i], with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

8   15. In a verbal communication with Ted Kushner on December 15, 2014 the Plaintiff

9   was informed that Avis Budget Group would not comply with the adverse action

10   notification requirements. The refusal to comply is willful

11   16. The plaintiff's credit score diminished as a result of defendant's inquiries. The

12   exact amount of the diminished credit score may be two to five points per inquiry.

13   17. Federal Trade Commission (FTC) staff opinion letter titled "Advisory Opinion to

14   Everson (07-28-08)" is attached as **Exhibit "B"** to this complaint and identifies

15   an instance, factually similar to what occurred with this Plaintiff and Defendant,

16   when an adverse action notification is required to be provided.

17

18   **FIRST CAUSE OF ACTION**

19   **(Violation of 15 U.S.C. § 1681m)**

20

21   18. Paragraphs 1-17 are incorporated herein by reference as though fully set forth.

22   19. As a direct result of Defendant's willful disregard of the FCRA the Plaintiff is

23   unable to ascertain which credit bureau report was utilized in the adverse action

24   leaving Plaintiff with no recourse of how to correct the challenges in the credit

25   report which utilized in the denial of the car rental.

26

27

28

**Complaint for Damages**
5

**SECOND CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

20. Paragraphs 1-17 are incorporated herein by reference as though fully set forth.

21. Defendant's willful disregard for compliance with the FCRA was done with the intent of causing or with intentional disregard for the probability of causing, emotional distress to Plaintiff.

22. As a direct result of Defendant's willful disregard for the FCRA the Plaintiff suffered severe and extreme emotional distress in worrying about his diminished credit score resulting from the inquiries by the Defendant to view his credit report. Plaintiff has suffered extreme anxiety since learning of the Defendant's refusal to comply with the FCRA requirements which has affected his medical condition negatively.

**PRAYER**

Plaintiff requests:

A. Judgment against the Defendant in whatever amount this court deems appropriate

B. Pre and post judgment interest as allowed by law,

C. An award of the costs of this action,

D. All other just and proper relief

December 31, 2014                      Respectfully submitted

_Nick Miletak_

Nick Miletak

**Complaint for Damages**

6